# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Constantin Rusu,**<br>Petitioner<br>-vs-<br>**Katrina S. Kane, et al.,**<br>Respondents | CV-11-0162-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, detained at the time in the Federal Detention Center at Eloy, Arizona, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 25, 2011 (Doc. 1). On March 28, 2011, Respondents filed their Notice to the Court and Suggestion of Mootness (Doc. 13 ). On the same date, Petitioner filed a Motion to Withdraw Petition (Doc. 14). On April 12, 2011, Respondents filed under seal a Response (Doc. 20) to the Motion.

The Petitioner's Petition and Motion to Withdraw are now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioner alleges that he is a citizen of Romania, who entered the United States without inspection in 1999, was granted voluntary departure in 2000, subjected to a final order of removal in 2001, engaged in a series of unsuccessful attempts for review and to

reopen, was taken into custody in February, 2009, and was being held ever since. (Petition, Doc. 1.)

On January 25, 2011, he commenced the instant proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), alleging that his due process rights were being violated by his continued detention. Service of the Petition was ordered on March 7, 2011 (Doc. 4).

On March 28, 2011, Respondents filed a Notice and Suggestion of Mootness (Doc. 13) and Petitioner filed a Motion to Withdraw (Doc. 14). Both filings assert that Petitioner was removed on March 16, 2011 (*see* Notice, Doc. 13, Exhibit, Warrant of Removal Executed), and argue the matter is moot.

On April 12, 2011, Respondents filed under seal a Response (Doc. 20) to the Motion to Withdraw, providing additional information concerning the status of Petitioner's removal. In particular, Respondents report that upon landing in another country en route to Romania, Petitioner raised a claim of asylum, and was taken into custody by officials of that country. Thus, Respondents argue Petitioner is no longer in custody of the United States.

Petitioner has not replied.

### III. APPLICATION OF LAW TO FACTS

Both sets of parties argue that the Petition should be dismissed on the basis that the Petition has been rendered moot by Petitioner's release upon removal. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court

can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration detention.

Here, Petitioner does not challenge his underlying removal, but merely his continued detention pending the execution of that order. His release upon removal has resulted in the termination of any detention by Respondents. While he apparently remains in some form of custody by officials of another country, there is no suggestion that this continues the detention by Respondents. For example, there is no suggestion that the officials of that country are acting as agents of or are otherwise under the control of Respondents or other officials of the United States. Nor is there any suggestion that Respondents have retained any ability to retake Petitioner into their custody in the future, absent his return to the United States. Thus, it appears that there is no other relief to be granted and this action is now moot.

Accordingly, the undersigned will recommend that the Motion to Withdraw be granted, and that the Petition and this action be dismissed as moot.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be

offered.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Withdraw, filed March 28, 2011 (Doc. 14) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 25, 2011 (Doc. 1) and this action be **DISMISSED AS MOOT**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: June 3, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\11-0162-001 r RR 11 05 27 re HC MWithdraw.wpd